GUNDY v. VILLAGE OF MERRILL.

1. NUISANCE—MUNICIPAL CORPORATIONS—SEWAGE—OPEN DRAIN.
   Village has no right to deposit sewage into open drain in any manner that will cause a nuisance.

2. SAME—NO PRESCRIPTIVE RIGHT TO MAINTAIN.
   There can be no prescriptive right to maintain a public nuisance.

3. SAME—INJUNCTION—MUNICIPAL   CORPORATIONS—SEWAGE—OPEN
   DRAIN.
   Injunction will issue against village and creamery company to abate nuisance created by them by depositing sewage into open drain, but they should be given reasonable time in which to abate the nuisance.

Appeal from Saginaw; Martin (William H.), J. Submitted January 15, 1930. (Docket No. 103, Calendar No. 34,759.)   Decided April 7, 1930.

Bill by Lawrence Gundy and another against the Village of Merrill and the C. F. Burger Creamery Company, a Michigan corporation, to abate a nuisance. From a decree for plaintiffs, defendants appeal. Modified and affirmed.

*Pierson & McLaughlin,* for plaintiffs.

*R. L. Crane,* for defendants.

BUTZEL, J. Lawrence Gundy and wife, plaintiffs, reside on their farm in the township of Jonesfield, Saginaw county, a little over a mile east of the easterly boundary of defendant village of Merrill. The defendant C. F. Burger Creamery Company owns and operates a milk and creamery plant just

On right of municipality to create a nuisance by pollution of stream by discharge of sewage, see annotation in 20 L. R. A. (N. S.) 1050; 47 L. R. A. (N. S.) 137.

outside of the village in the direction of plaintiffs' farm. Plaintiffs claim that one of the outlets of the village sewer runs into a closed tiled drain, that this in turn empties into the open drain or ditch which crosses plaintiffs' farm, and that foul matter and corruption coming from the sewer stagnates in front of plaintiffs' home. They further claim that defendant Creamery company deposits waste into the tiled drain, with like effect. Plaintiffs ask that both defendants be enjoined from depositing any sewage or foul matter in the drain. Plaintiffs claim that the gases, vapors, and odors arising from the open drain or ditch are so obnoxious, offensive, and harmful that plaintiffs have been compelled to keep their doors and windows closed; that at times they can neither eat nor sleep; and that it is impossible for them to live in their home without enduring an almost intolerable nuisance. They ask for an injunction and money damages.

Defendants claim that the drain is a county drain, over which the village has no duty nor jurisdiction; that they do not deposit offensive material into the drain, but that it comes from neighboring outhouses, barns, and cattle of the farms; that the present conditions have prevailed for upwards of 15 years, and that plaintiffs have therefore lost their right to complain; and that plaintiffs have largely contributed to the condition inasmuch as they have permitted the drain to be obstructed by wild flags, weeds, and thick vegetable growth, and a fence, so that the water cannot pass through the open drain in front of their home. They further claim that if the drain commissioner would clean out the bottom of the drain, in which undertaking the village would co-operate, there would be no difficulty. Defendant Creamery company further maintains that it has ceased to

manufacture creamery products, and conducts only a milk depot, and that it no longer deposits any offensive substances in the drain. Both in the brief and the oral argument, the village assures this court that it is willing to see to it that the drain is cleaned, and promises that there will be no further difficulty. The lower court found in plaintiffs' favor. It awarded no damages, but ordered the nuisance abated by the 15th day of June, 1929, 60 days from the time of the filing of the decree, and after that date a permanent injunction restraining defendants from emptying, or causing or permitting to be emptied, any sewage of offensive odors or other substances of offensive odors, vapors, or smells into said open ditch.

Defendant village has no right to deposit sewage into an open drain in any manner that will cause a nuisance. *Phillips* v. *Village of Armada,* 155 Mich. 260, 262. Nor can there be a prescriptive right to maintain a public nuisance. *Attorney General* v. *City of Grand Rapids,* 175 Mich. 503, 537 (50 L. R. A. [N. S.] 473, Ann. Cas. 1915 A, 968). The record shows that plaintiffs' claims are well founded, and that defendants are largely responsible for the nuisance. If they do not continue to permit sewage to flow into the open drain, or if defendant Creamery company, in accordance with its claim, has ceased to pour offensive waste into the tiled drain, neither defendant will be harmed by the injunction. Defendants, however, should have a reasonable time in which to abate the nuisance. They claim that people in the village make connections with the sewer without any regulation by the village. The village has control over its sewers, and may make proper regulations in regard to their use. Whether the nuisance can be abated by cleaning the open ditch, or whether it will

be necessary for the village to install a purifying system or reduction or some other process, or whether it will be necessary for the village to close the eastern outlet of the sewer, is a matter for its administrative officers to determine. The record amply shows that plaintiffs are entitled to the relief prayed for.

The decree is modified so as to give defendants until September 1, 1930, to abate the nuisance, and after that date they shall be perpetually enjoined from depositing sewage and waste into the drain so as to cause offensive odors, smells, or vapors in front of plaintiffs' home. Plaintiffs will recover costs.

WIEST, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.